# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIRSTEN SHEETS, JASON KALAGHER
and JANSON MURPHY,

    Plaintiffs,

v.                                        Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., et al.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants Argus Property Management, Inc.'s and Linda Benford's Motion to Dismiss Complaint (Dkt. #19). Upon review and consideration, the Court grants the motion.

Plaintiffs' complaint is an impermissible shotgun complaint. A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are

routinely condemned by the Eleventh Circuit. *See, e.g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

Also, the allegations improperly lump Defendants together without specifying which Defendant performed which act.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Argus Property Management, Inc.'s and Linda Benford's Motion to Dismiss Complaint (Dkt. #19) is GRANTED to the extent that the complaint is an impermissible shotgun pleading and improperly lumps Defendants together in the allegations.

2. Plaintiffs have fourteen (14) days from the date of this Order to amend their complaint to fix these pleading deficiencies. Failure to amend by that time may result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of August, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Even\2015\15-cv-1674 mtd 19.docx