UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSTEN SHEETS, JASON KALAGHER
and JANSON MURPHY,

    Plaintiffs,

v.                                                                 Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., ARGUS
PROPERTY MANAGEMENT, INC.,
LINDA BENFORD, JAMES TOMPKINS,
BOB BRUNO, NANCY HUBBARD,
CLAUDIA DORNBACK, HARLAN BUD
FRIDDLE, JACK MCCOPPEN and
LOYOLA SIEP,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff Janson Murphy's Motion for Protective Order ("Motion"). (Dkt. 94.) In the Motion, Plaintiff seeks to prevent Defendants Argus Property Management, Inc. ("Argus") and Linda Benford ("Benford," together with Argus, "Defendants") from conducting a second deposition of Plaintiff. Defendants oppose the Motion. (Dkt. 100.) Upon consideration, the Motion for Protective Order is granted.

**Overview**

Plaintiff opposes Defendants' efforts to depose him for a second time and seek a protective order to prevent the deposition. Plaintiff maintains that he was previously deposed by Defendants on June 17, 2016 for seven and a half hours from 9:00 A.M. to 4:32 P.M[1] and a protective order is

---

[1] Defendants' Notice of Taking Deposition of Plaintiff is attached to the Motion as Exhibit A. The deposition notice scheduled the deposition to take place on June 17, 2016 at 9:00 A.M. and did not request production of documents at the deposition.

- 1 -

needed to protect against "annoyance, embarrassment, oppression, or undue burden or expense." (Dkt. 94.)  Defendants contend that the parties agreed in email exchanges to conduct the second deposition of Plaintiff.  (Dkt. 100.)  Defendants also maintain that a second deposition of Plaintiff is needed because Defendants served their Request for Production of Documents upon Plaintiff on June 7, 2016, and Plaintiff has not provided responsive documents.  (Dkt. 100.)

## Applicable Standards

The court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown).  The party seeking a protective order has the burden to demonstrate good cause.  *Auto-Owners Ins. Co. v. Se. Floating Docks*, *Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).  "'Good cause' is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."  *Alexander*, 820 F.2d at 356.  Establishing good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 Fed. App'x 331, 336 (11th Cir. 2011) (internal quotations omitted).

## Discussion

Federal Rule of Civil Procedure 30 provides the rules applicable to the parties' current discovery dispute.  Specifically, Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A)  if the parties have not stipulated to the deposition and:
>
> (ii)  the deponent has already been deposed in the case.

Fed. R. Civ. P. 30(a)(2)(A)(ii).  Accordingly, the applicable rule requires leave of court to conduct more than one deposition of a deponent.  Leave of court is not required, however, if the parties have stipulated to the additional deposition.  *Id.* at 30(a)(2)(A).  Additionally, pursuant to Federal Rule of Civil Procedure 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  *Id.* at 30(d)(1).  Discovery may be limited by the court as provided in Federal Rule of Civil Procedure 26(b)(2)(C)(ii) when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  *Id.* at 26(b)(2)(C)(ii).

Here, the parties have not filed a stipulation agreeing to conduct the second deposition of Plaintiff.  The Motion expresses Plaintiff's disagreement in that regard.  Plaintiff has previously participated in a day-long deposition that exceeded the seven-hour length of time provided for depositions in Rule 30(d)(1).  Defendants have not shown that they were unable to conduct their full examination of Plaintiff during the previous deposition.

As justification for a second deposition, Defendants maintain that they issued a request for production of documents to Plaintiff on June 7, 2016, and the additional deposition is needed to obtain the information requested in the production request. (Dkt. 100.)  Plaintiff timely served a written response, but did not produce the responsive documents.  (Dkt. 100.)  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), the "production must be completed no later than the . . . reasonable time specified in the response."  Fed. R. Civ. P. 34(b)(2)(B).  At this point, the production is due.  Nevertheless, the potentially outstanding document production does not warrant an additional, second deposition.  The documents could have been requested for production at the deposition or at least before the deposition took place.  An additional deposition would present an undue burden to Plaintiff and good cause exists for entry of a protective order.  *See Arugu v. City*

*of Plantation*, No. 09-61618-CIV, 2010 WL 2609394, at *4 (S.D. Fla. June 27, 2010) (reasoning that policy considerations dictate against allowing a deponent to be re-deposed because "witnesses would be inconvenienced more and discovery would become more expensive").

Finally, the Court has considered Plaintiff's request for attorneys' fees and costs incurred in bringing the Motion (Dkt. 94), but the request is denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Protective Order (Dkt. 94) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on August 19, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record