UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSTEN SHEETS, JASON KALAGHER
and JANSON MURPHY,

    Plaintiffs,

v.                                                              Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., ARGUS
PROPERTY MANAGEMENT, INC.,
JAMES TOMPKINS, BOB BRUNO,
NANCY HUBBARD, CLAUDIA
DORNBACK, HARLAN BUD FRIDDLE,
JACK MCCOPPEN and LOYOLA SIEP,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Compel Plaintiff Kirsten Sheets to Respond to Defendants' Interrogatory No. Twenty (20) ("Motion") (Dkt. 133), filed by Defendant Argus Property Management, Inc. ("Argus"),[1] and Plaintiff Kirsten Sheets's response in opposition (Dkt. 148). For the reasons that follow, the Motion is granted in part and denied in part.

In the Motion, Argus seeks an order compelling Sheets to produce answers in response to an interrogatory from Argus's First Set of Interrogatories, in which Argus request Sheets to:

> List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and condition or injury for which you were examined or treated.

---

[1] Defendant Linda Benford is also a movant, but, since the filing of the Motion, Ms. Benford's motion for summary judgment was granted and judgment was entered in Ms. Benford's favor. (Dkts. 137, 138.)

("Interrogatory 20") (Dkt. 133-1.) Sheets served objections to Interrogatory 20, objecting on the bases that the request is overly broad and unduly burdensome and seeks confidential information not relevant or proportional to the claims and defenses of the case. (Dkt. 133-2.) Argus contends that Sheets has not shown how this request is overly broad or unduly burdensome. (Dkt. 133 ¶ 3.) Further, Argus argues that the information sought by the request is relevant to Sheets's claim, in the Second Amended Complaint, that Sheets suffers from physical and mental impairments because Sheets's "broad description of multiple physical and mental impairments necessitates the gathering of records to determine the type and extent of same." (Dkt. 133 ¶ 4.) The request is also relevant, Argus contends, to its affirmative defense that Sheets failed to sufficiently plead the existence of a handicap under the Fair Housing Act ("FHA"). (Dkt. 133 ¶ 5.) Finally, the request is proportional to the needs of the case, Argus argues, because Argus "needs to know the full extent of Kirsten Sheets's health condition(s), and therefore need[s] to know who her healthcare providers have been." (Dkt. 133 ¶ 6.)

In response, Sheets argues that this Court, in two prior orders (See Dkts. 68 and 76), has already "set forth the boundaries of permissible discovery in this case as to [Sheets's] medical conditions or mental health." (Dkt. 148 ¶¶ 9–12.) The Court has addressed, in two prior orders, Argus's discovery requests for Sheets's medical records. (See Dkts. 68, 76.) In the first order, Plaintiffs moved for a protective order regarding subpoenas Argus served on Sheets's medical provider Sarasota Neurology, P.A., and eight of Sheets's medical providers Plaintiffs disclosed in their expert witness disclosure. (Dkt. 68.) The subpoena to Sarasota Neurology requested all of Sheets's medical records. (Dkt. 68 at 4.) Upon review, the Court determined that this request was overly broad and sought information irrelevant to the claims and defenses in this action because it was unlimited in timeframe and "encompasse[d] records unrelated to the physical or mental

impairments which substantially limit one or more of Sheets's major life activities." (Dkt. 68 at 6.) Thus, the Court granted Plaintiffs' request for a protective order to the extent that the subpoena requested documents "unrelated to whether Sheets has the physical impairments specifically alleged in the Second Amended Complaint, which include Ehlers-Danlos Syndrome, Postural Orthostatic Tachycardia Syndrome, and Fibromyalgia, and to Sheets's use of an emotional support animal." (Dkt. 68 at 6.) Further, the Court determined that Argus was entitled discovery related to Sheets's allegations of suffering emotional distress and embarrassment, but limited the timeframe for which Argus could request such discovery to "any emotional distress that Sheets reported from 2013, when Sheets first requested permission to maintain the invisible fence (see Dkt. 32 ¶ 68), to the present." (Dkt. 68 at 6–7.)

In the Court's second order, Plaintiffs moved for a protective order regarding subpoenas Argus served on Sheets's medical providers Plaintiffs disclosed as expert witnesses, in which Argus requested "all documents regarding Kirsten Sheets." (Dkt. 76 at 4.) The Court granted Plaintiffs' request for a protective order without prejudice to Argus to serve new subpoenas requesting discovery within the scope permitted by the Court in its previous order (Dkt. 68)—i.e., discovery related to (1) the scope of the experts' testimony, (2) whether Sheets has the physical impairments alleged in the Second Amended Complaint, (3) Sheets's use of an emotional support animal, and (4) emotional distress Sheets reported from 2013 to the present. (Dkt. 76 at 4–5.)

Sheets argues that Interrogatory 20 is not within the scope of the Court's prior orders because Argus has not made a showing that its request is related to whether Sheets has the physical impairments she alleges she suffers or Plaintiffs' allegations of emotional distress from 2013 to present. (Dkt. 148 ¶ 13.) Rather, Sheets contends, Interrogatory 20 is an impermissible blanket request for ten years of Sheets's medical history. (Dkt. 148 ¶ 13.) Finally, Sheets argues,

Defendants have deposed Sheets's treating physicians and obtained Sheets's medical records from Sheets's treating physicians and Argus has knowledge of Sheets's disabilities that Argus obtained as part of this litigation and prior administrative actions between the parties. (Dkt. 148 ¶¶ 18–19, 25– 29.)

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In the Second Amended Complaint, Sheets alleges that she suffers a handicap within the meaning of the FHA because "she suffers from physical and mental impairments which substantially limit one or more of her major life activities," and that she has been diagnosed with Ehlers-Danlos Syndrome, Postural Orthostatic Tachycardia Syndrome, Fibromyalgia, "among other physical impairments." (Dkt. 32 ¶¶ 22, 133, 161, 191.) Further, Sheets asserts that she is sometimes unable to walk, has a medical need for an emotional support animal, and has suffered "great emotional distress and embarrassment" due to Defendants' alleged actions. (Dkt. 32 ¶¶ 134, 136, 158, 162, 164, 186, 192, 207.) In response, Argus asserts, as an affirmative defense, that Plaintiffs failed to allege that Sheets "suffers from a recognized handicap" under the FHA. (Dkt. 34 ¶ 221.)

As the Court has held in previous orders (Dkts. 68, 76), Argus is entitled to discovery related to Sheets's medical history that is relevant to the parties' claims and defenses, which the Court has determined to be discovery related to (1) the medical conditions Sheets alleges she suffers in the Second Amended Complaint, which include Ehlers-Danlos Syndrome, Postural Orthostatic Tachycardia Syndrome, and Fibromyalgia, (2) Sheets's use of an emotional support animal, and (3) Sheets's reports of emotional distress from 2013 to the present. Thus, in response to Interrogatory 20, Argus is entitled to the names and addresses of physicians, medical facilities, or health care providers (1) who treated Sheets for the conditions she alleges she suffers in the

Second Amended Complaint, (2) who prescribed or recommended Sheets's use of an emotional support animal, and (3) who treated Sheets for her reports of emotional distress from 2013 to the present ("Subject Matter Parameters").  Sheets, in responding to Interrogatory 20, should identify: (1) the month and year in which these physicians, medical facilities, or health care providers provided her treatment within the Subject Matter Parameters and (2) Sheets's condition that the physicians, medical facilities, or health care providers were treating and/or the type of treatment they provided, again, within the Subject Matter Parameters.  Thus, the Motion is granted to the extent provided herein and denied in all other respects.  Accordingly, it is

**ORDERED** that the Motion (Dkt. 133) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record