UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSTEN SHEETS, JASON KALAGHER
and JANSON MURPHY,

    Plaintiffs,

v.                                          Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., ARGUS
PROPERTY MANAGEMENT, INC.,
JAMES TOMPKINS, BOB BRUNO,
NANCY HUBBARD, CLAUDIA
DORNBACK, HARLAN BUD FRIDDLE,
JACK MCCOPPEN and LOYOLA SIEP,

    Defendants.
_____/

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Discovery from the Sorrento Defendants ("Motion") (Dkt. 136), and the response in opposition filed by Defendants James Tompkins, Bob Bruno, Nancy Hubbard, Claudia Dornback, Harlan (Bud) Friddle, Jack McCoppen, and Loyola Siep (collectively, "Sorrento Defendants") (Dkt. 140). For the reasons that follow, the Motion is granted.

In the Motion, Plaintiffs seek to compel the Sorrento Defendants to produce documents in response to Plaintiffs' request for production that seeks financial records and information relevant to Plaintiffs' claim for an award of punitive damages. (Dkt. 136.) Plaintiffs served the discovery requests on the Sorrento Defendants in late June 2016 (Dkt. 136-1), and the requests that are the subject of the Motion are request numbers 1, 10, 12, 14, 29, and 31 ("Requests"). (Dkt. 136 ¶ 8.)

After being served with the Requests, the Sorrento Defendants moved for a protective order, contending that Plaintiffs are not entitled to the Sorrento Defendants' personal financial

information because Plaintiffs did not allege that the Sorrento Defendants committed FHA violations "in their personal, individual capacity." (Dkt. 80 ¶ 6.) The Sorrento Defendants served responses to the Requests, objecting to them on the basis that they request irrelevant information "outside the scope of discoverable information," as set forth in the Sorrento Defendants' motion for protective order ("Initial Responses"). (Dkt. 136-2.)

In late July 2016, the Court entered an order on the Sorrento Defendants' motion for protective order, determining that the Requests are relevant and proportional to the needs of the case because they are important to the measure and resolution of Plaintiffs' punitive damages claims. (Dkt. 89 at 8.) Therefore, the Court denied the Sorrento Defendants' motion for protective order as to the Requests, but limited the time period for "this permitted financial, net-worth discovery" to the years 2015 to the present. (Dkt. 89 at 9.)

After entry of the Court's order, in late September 2016, the Sorrento Defendants served supplemental responses to Plaintiffs' request for production, stating that the documents sought, such as tax returns, were jointly filed with the Sorrento Defendants' spouses and, thus, they had no responsive documents as to themselves, individually ("Supplemental Responses"). (Dkt. 136-3.) In response to the Motion, the Sorrento Defendants contend that their spouses' financial information, contained in joint financial information, is irrelevant to Plaintiffs' claims that the Sorrento Defendants are individually and personally responsible for alleged FHA violations. (Dkt. 140 ¶ 5(b)). Further, as to Plaintiffs' argument that the Sorrento Defendants waived the ability to object to the Requests on the basis of their requesting joint financial information, the Sorrento Defendants argue that the Supplemental Responses are not objections, but instead are responses stating that "that no individual financial documentation responsive to their Request was available,

as Plaintiff failed to seek jointly held financial information in its discovery requests." (Dkt. 140 at 5.)

In response to a request for production, a party "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). "A party who fails to assert objections to discovery within the time permitted by the rule, stipulation or court order, waives any objections and is precluded 'from asserting the objection in a response to a motion to compel.'" *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (citing Middle District Discovery Handbook § III.A.6, which provides that "[a]bsent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel").

In circumstances where production requests seek information of a party's spouse or the joint owner of property with a party, courts have held that this information is irrelevant to claims for punitive damages against the party, but "[t]o the extent any of the documents contain information for both [the party] and his spouse," courts order that "the spouse's information should be redacted from the document." *Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887490, at *3 (M.D. Fla. Aug. 7, 2014); *In re Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *12 (M.D. Fla. July 19, 2016); *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) ("The court also notes that the fact that [defendant's] financial accounts may be jointly owned with his wife or that his tax returns may be filed jointly with his wife is not a barrier to discovery. [Defendant], however, may redact any portions of the tax returns and financial information that pertain solely to his wife prior to producing these documents to [plaintiff].").

Here, Plaintiffs served the Requests on the Sorrento Defendants on June 10, 2016 (Dkt. 136-1), and the Sorrento Defendants' timely served their Initial Responses, objecting to the Requests as irrelevant, on July 8, 2016 (Dkt. 136-2). In the Initial Responses, the Sorrento Defendants did not object to the Requests on the basis that they sought information regarding their spouses' or co-owners' financial information (Dkt. 136-2), and this basis for objection was not raised until late September 2016 in the Supplemental Responses (Dkt. 136-3). Accordingly, the Court agrees with Plaintiffs that such objection was waived by the Sorrento Defendants. However, the financial information of the Sorrento Defendants' spouses and/or co-owners is not relevant to Plaintiffs' claims for punitive damages against the Sorrento Defendants because it is not information about the Sorrento Defendants' net worth. *E.g. Alexander*, 2014 WL 3887490, at *3. Thus, the Court finds that the Sorrento Defendants must produce documents responsive to the Requests, but may redact financial information contained in the documents that pertain to the Sorrento Defendants' spouses or joint owners of property. Accordingly, it is

**ORDERED** that the Motion (Dkt. 136) is **GRANTED**. The responsive documents must be provided within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record