UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSTEN SHEETS, JASON
KALAGHER and JANSON MURPHY,

    Plaintiffs,

v.                                    Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., et al.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Linda Benford's Bill of Costs (Dkt. 145) and Amended Motion for Taxation of Attorneys' Fees and Costs (Dkt. 149), and Plaintiffs' Response in Opposition (Dkt. 159). The Court, having reviewed the filings, and being otherwise advised in the premises, concludes that the motion should be denied except that the Court will award Benford costs in the amount of $5,281.21 under 28 U.S.C. § 1920.

## DISCUSSION

On October 19, 2016, the Court granted Benford's motion for summary judgment and, the following day, judgment was entered in her favor (Dkts. 137, 138). Benford now moves for attorneys' fees in the amount of $79,626.00 and costs in the amount of

$22,966.51. Benford's motion argues that she is entitled to fees under the Fair Housing Act ("FHA"), 42 U.S.C. § 3613(c)(2). She also argues that she is entitled to fees and costs under Fed. R. Civ. P. 68. Although her motion does not specifically address her entitlement to costs under 28 U.S.C. § 1920, Benford did file a Bill of Costs. The Court addresses Benford's entitlement to fees and costs in this same order.

**I.      Attorney's Fees under the FHA**

In *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir. 1985), the Eleventh Circuit stated that a district court may in its discretion award attorneys' fees to a prevailing defendant in a civil rights action, or, as in this case, a case brought under the FHA, upon a finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." *Id.* at 1188 (internal quotations omitted). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Id.* at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)); *see also Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978); *Hughes v. Rowe,* 449 U.S. 5, 14 (1980).

The Supreme Court in *Christianburg* cautioned, as follows:

> [i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could

>discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22.

Notably, even if a defendant prevails on summary judgment, an award of attorneys' fees is not appropriate if the case was difficult, or if the "plaintiff's claims [were] meritorious enough to receive careful attention and review." *Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991); *see also Walker v. Nationsbank of Fla. N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995). In *Hughes*, the Supreme Court noted:

>Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation as required by *Christianburg*.

449 U.S. at 15-16 (internal quotations omitted).

In this case, Plaintiffs' claims against Benford ultimately failed because the Court determined on summary judgment that Plaintiffs could not establish, as a matter of law, that Benford was personally liable for any FHA violations. But this does not necessarily render Plaintiffs' claims against Benford baseless. The history of this case reveals that Plaintiffs' complaint was sufficiently "meritorious enough to receive careful attention and review." *Busby,* 931 F.2d at 787. Notably, Benford admitted that she was the individual property manager assigned to manage the Defendant Association. And Benford did take

3

action at the Association's direction—this Court ultimately ruled that these actions were too ministerial to subject Benford to individual liability. The Court's ruling, however, does not render Plaintiffs' claims against Benford frivolous. Accordingly, Benford's motion is denied to the extent that Benford seeks attorney's fees under the FHA.

## II.     Attorneys' Fees and Costs under Rule 68

Benford also requests attorneys' fees and costs based on a July 29, 2016 Rule 68 Offer of Judgment that she served on all Plaintiffs. It is well-settled, however, that Rule 68 does not allow for recovery when the defendant obtains summary judgment. The Supreme Court held, in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), that the plain language of Rule 68 makes clear that, where a defendant has made an offer of judgment, this rule applies only to judgments obtained by the plaintiff; it simply is inapplicable to cases where the defendant obtains a judgment in her favor. *Id.* at 352. In this case, as Benford obtained a judgment in her favor, Benford is not entitled to fees or costs under Rule 68. *See Jones v. United Space Alliance, L.L.C.,* 494 F.3d 1306, 1309 (11th Cir. 2007) (noting holding in *Delta* that Rule 68 is inapplicable to cases where the defendant obtained judgment); *Design Pallets, Inc., v. Gray Robinson, P.A.,* 583 F. Supp. 2d 1282, 1285 n. 5 (M.D. Fla. 2008) (finding Rule 68 inapplicable to the defendant's request for costs where judgment was entered in the

defendant's favor). Accordingly, Benford's motion is denied to the extent that she requests attorneys' fees and costs under Rule 68.

## III. Costs under Section 1920

Benford filed a Bill of Costs that requests total costs in the amount of $22,966.51 comprised of: (A) "costs for service of subpoenas" ($2,162.95); (B) costs for transcripts ($8,760.57); (C) costs for printing ($5,198.15); and (D) "other costs" ($6,844.84). As Plaintiffs point out, Benford's Bill of Costs is deficient because Benford does not explain how these costs were necessarily obtained for use in this litigation. On this basis alone the Court could decline to award any costs. However, the Court has reviewed the invoices attached to Benford's Bill of Costs and concludes that Benford should be awarded the costs associated with the deposition transcripts of Kirsten Sheets, Linda Benford, Janson Murphy, James Tompkins, Jason Kallagher, and Bob Bruno.[1] It is clear that the transcript costs associated with these depositions were reasonably and necessarily obtained for use in this case. This amounts to costs of $5,281.21.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Linda Benford's Amended Motion for Taxation of Attorneys' Fees and Costs (Dkt. 149) is denied except that the Court will award Benford costs in the amount of $5,281.21 under 28 U.S.C. § 1920.

---

[1] The Court is not awarding costs associated with the videographer fee.

2.      The Clerk of Court is directed to enter a Bill of Costs in favor of Defendant Linda Benford and against Plaintiffs in the amount of **$5,281.21**.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Even\2015\15-cv-1674.Benford-fees-costs149.wpd