UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSTEN SHEETS, JASON KALAGHER
and JANSON MURPHY,

    Plaintiffs,

v.                                                Case No: 8:15-cv-1674-T-30JSS

SORRENTO VILLAS, SECTION 5,
ASSOCIATION, INC., et al.,

    Defendants.
_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant Argus Property Management, Inc.'s Motion for Summary Judgment (Dkt. 150) and Plaintiffs' Response in Opposition (Dkt. 161). The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted and final judgment entered in Argus' favor.

**BACKGROUND**

Plaintiffs Kirsten Sheets, Jason Kalagher, and Janson Murphy allege that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"). Sheets and Kalagher are married and Murphy is Sheets' minor son. Plaintiffs reside in a condominium unit that Sheets owns. Defendants are the condominium association of which Plaintiffs are members ("Association"); the Association's individual officers and directors; Argus Property Management, Inc., the Association's property management

company; and Linda Benford, Argus' employee who was the Association's property manager during the relevant time.

Sheets alleges that she suffers a handicap within the scope of the FHA and has an emotional support animal to assist her.  Sheets' handicap often makes it difficult for her to walk.  Sheets installed an underground invisible fence within the common elements of the condominium to dispense with the need to walk or constrain her emotional support dog while it was outside her home.  Sheets alleges that, after she installed the invisible fence, Defendants took actions in violation of the FHA.  Specifically, Sheets contends that Defendants violated the FHA by (1) failing to reasonably accommodate her need for an invisible fence to constrain her emotional support dog (Dkt. 32 Counts I and V) and (2) failing to make modifications to the condominium property to accommodate her need for an invisible fence (Dkt. 32 Counts II and VI).

Plaintiffs allege that Defendants also violated the FHA by (1) retaliating against Plaintiffs for exercising their rights under the FHA (Dkt. 32 Counts III and VII) and (2) discriminating against Plaintiffs based on their familial status (Dkt. 32 Counts IV and VIII).

With respect to the retaliation claim, Plaintiffs allege that, on or about May 5, 2014, Sheets and Kalagher filed a complaint with the Department of Housing and Urban Development ("HUD") against the Association, Argus, and individual Defendant James Tompkins, alleging discrimination and other violations of the FHA.  According to

Plaintiffs, after they filed the HUD complaint, the Association initiated an arbitration proceeding against Sheets, seeking an order requiring her removal of the invisible fence, and retaliated against Plaintiffs by, among other things, selectively enforcing the Association rules against Plaintiffs.

The FHA discrimination claim alleges that Defendants notified Plaintiffs that Murphy and his friends could not play on the common elements, specifically, an empty lot that was located near Sheets' home.  Plaintiffs allege that this amounted to discrimination based on familial status.

Argus moves for summary judgment on all of the claims alleged against it (Counts V-VIII).

On October 19, 2016, the Court entered summary judgment in favor of Benford (Dkt. 137).  The Court concluded that, viewing the evidence in a light most favorable to Plaintiffs, the non-movants, no reasonable trier of fact could conclude that Benford assisted or contributed to any FHA violations.  Similarly, the Court concludes that the record is undisputed that Argus was not responsible for the Association's decisions regarding Plaintiffs' requests for any accommodations.  The record is also bereft of any retaliatory or discriminatory conduct on the part of Argus.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the

4

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

**I.     The FHA**

The FHA forbids discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(b).  Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B)).  "To prevail on a [§] 3604(f)(3)(B) claim"—that is, a claim that a housing provider refused to reasonably accommodate a disability—"a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.,* 347 Fed.Appx. 464, 467 (11th Cir. 2009).

5

Discrimination under § 3604 includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A).

Finally, the FHA also prohibits retaliation to the extent that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" any right granted or protected under the FHA. *See* 42 U.S.C. § 3617; *Sofarelli v. Pinellas County,* 931 F.2d 718, 722 (11th Cir. 1991) (finding that a note threatening "to break [the plaintiff] in half," hitting his truck, shouting obscenities and spitting at him constituted coercion and intimidation under § 3617 when there was also an indication that there was a discriminatory motivation behind that conduct).

## II.     Analysis with Respect to Argus' Involvement

Benford was the only property manager acting on Argus' behalf during the relevant time. The Court previously concluded, on Benford's motion for summary judgment, that there was an absence of a genuine issue for trial on Benford's personal liability for any purported FHA violations. The record before the Court now also establishes that there is no genuine issue for trial with respect to Argus' liability because it is undisputed that Argus, like Benford, was not directly involved with the Association's

ultimate decision to deny Sheets' request for an invisible fence. In other words, Argus did not participate in any unlawful discrimination under the FHA.

The record remains undisputed that the Association, through its board members, concluded that Sheets' invisible fence was in violation of its rules. Although the Association directed Benford to send violation letters to Sheets, requesting that Sheets remove the invisible fence, and Benford did so, these were ministerial actions, not participation in the discrimination itself. Notably, it was also the Association, not Argus, who voted to refer the matter to its attorney after Sheets failed to comply with the two violation letters. And it was the Association who initiated the subsequent arbitration after Sheets failed to remove the fence.

In sum, Argus exhibited no control over the Association's actions related to the invisible fence and the Association's alleged refusal to reasonably accommodate Sheets' request. Moreover, there is simply no material evidence establishing that Argus took any retaliatory adverse actions against any of the Plaintiffs based on the HUD complaint; in other words, there is no causal link between the filing of the HUD complaint (or any other purported protective activity) and any adverse action on Argus' part. And, finally, the record contains no genuine issue of fact for trial establishing Argus' liability for any purported discrimination based on familial status.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Argus Property Management, Inc.'s Motion for Summary Judgment (Dkt. 150) is granted to the extent stated herein.

2. The Clerk of Court is directed to enter a final judgment in favor of Defendant Argus Property Management, Inc. and against Plaintiffs.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record